IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| DANIEL J. COLVIN and CENA M-M TECCA, <br><br> Plaintiffs, <br><br> vs. <br><br> LAKEVIEW LOAN SERVICING, LLC, <br><br> Defendant. | Cause No. CV 20-40-BLG-SPW-TJC <br><br><br> FINDINGS <br> AND RECOMMENDATION <br> OF U.S. MAGISTRATE JUDGE |

On March 3, 2020, Plaintiffs Colvin and Tecca filed a complaint (Doc. 8-3) in Montana's Sixth Judicial District Court, Park County.  Pursuant to 28 U.S.C. § 1441, Defendant Lakeview Loan Servicing ("Lakeview") removed the case to this Court on April 6, 2020 (Doc. 1).  It filed a motion to dismiss on April 13, 2020 (Doc. 6).  Plaintiffs failed to respond.

On November 9, 2020, the Court granted Defendants' motion to dismiss but gave Plaintiffs an opportunity to file an amended complaint on or before December 7, 2020.  *See, e.g.*, *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992).  Plaintiffs were specifically advised that, if they failed to respond to the order, the Court would recommend dismissal of the case.  *See* Order (Doc. 10) at 4.  Plaintiffs failed to respond to the Order.

1

Plaintiffs' complaint listed four claims: "In God WE Trust/USA Inc.," "FDCPA Violation $10000.00," "FCRA Violation $1000.00," and "Montana State Statutes for FDCPA Violations." After each of these phrases, Plaintiffs referred to Exhibits A, B, C, and D, respectively. *See* Compl. (Doc. 8-3) at 1. The exhibits consisted of "text for the in God We Trust/US Inc. filing," *see* Compl. Ex. (Doc. 8-3) at 4, an internet printout concerning In God We Trust/U.S.A. Inc., *see id.* at 5–6, laws or guides to law, *see id.* at 7–18, 20–25, 27–28, two copies of a credit report for Daniel Colvin, *see id.* at 19, 26, and an unsourced statement titled "Montana Statute of Limitations on Debt Collection," *see id.* at 29.

The Court found, and still finds, that Plaintiffs merely alleged that they had claims for relief. Printed laws or legal resources cannot supply facts supporting a claim on which relief may be granted. Despite some guidance about what they must do to state a claim, *see* Order (Doc. 10) at 3–4, Plaintiffs have not stated one. The case should be dismissed.

The Court notes that the state court permitted Plaintiffs to proceed without paying filing or service fees. *See* State Court Orders (Doc. 1-2 at 5, 9). But, as Plaintiffs fail to state a claim, the District Court should certify that any appeal of its disposition would not be taken in good faith. *See* Fed. R. App. P. 24(a)(4)(B).

Based on the foregoing, the Court enters the following:

**RECOMMENDATION**

1.  This action should be DISMISSED as Plaintiffs have failed to state a claim on which relief may be granted.

2.  The District Court should CERTIFY that any appeal of its disposition would not be taken in good faith as the complaint is too sparse to support a claim.

3.  The clerk should be directed to enter, by separate document, a judgment in favor of Defendant Lakeview Loan Servicing and against Plaintiffs Colvin and Tecca.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may object to the Findings and Recommendations within 14 days.  *See* 28 U.S.C. § 636(b)(1).[1]  Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

Plaintiffs must immediately notify the Court of any change in their mailing address by filing a "Notice of Change of Address."  Failure to do so may result in dismissal of the case without notice to them.

DATED this 7th day of January, 2021.

 */s/ Timothy J. Cavan*
Timothy J. Cavan
United States Magistrate Judge

---

[1] This deadline allows a party to act within 14 days after the Findings and Recommendation is "served."  Federal Rule of Civil Procedure 6(d) allows three additional days after the period would otherwise expire.